# IN THE COURT OF APPEALS OF IOWA

No. 14-1013
Filed September 17, 2014

IN THE INTEREST OF S.O.,
   Minor Child,

S.O., Father,
   Appellant,

L.T., Mother,
   Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A mother and father separately appeal the termination of their parental rights. **AFFIRMED ON BOTH APPEALS.**

Sally H. Peck, Iowa City, for appellant-father.

Clayton E. Grueb, Davenport, for appellant-mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Alan Ostergren, County Attorney, and Kevin McKeever, Assistant County Attorney, for appellee.

Sara Strain Linder of Tindal Law Office, Washington, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

The mother and father separately appeal the termination of their parental rights to their child.

## I.     BACKGROUND FACTS AND PROCEEDINGS

The child, S.O. is two years old and was born in 2012.  A court order removed S.O. from the parents' care on June 20, 2012 after a failed illegal adoption between the parents and two individuals from out of state.  A review hearing was held on June 28, 2012, and S.O. was placed with the maternal grandmother.  Additionally, there were prior founded instances of child abuse to S.O.'s older sibling, and documented drug and alcohol abuse in the home.

S.O. was returned to the mother on August 6, 2012 but was again removed on November 2, 2012, due to the parents' failure to maintain sobriety. Additional reports showed the mother's home was unfit for children due to its cluttered and filthy condition.  The father had exhibited erratic behaviors and did not cooperate with services, and although the father was barred from unsupervised contact with the children, the Department of Human services (DHS) reported he had been seen at the home.  A review hearing was held on November 9, 2012, and the child remained with DHS for placement in foster care.

The court adjudicated S.O. a child in need of assistance (CINA) pursuant to Iowa Code 232.2(6)(c)(2) (2013) on January 8, 2013, maintaining custody with DHS.  The court found the mother had been homeless and admitted to using drugs.  The father also reported drug use and had refused services.  DHS

reported the residence where the mother and S.O. lived featured floors covered with garbage and general filth. S.O.'s crib was half filled with assorted belongings and a pile of car seats fell on the DHS worker when she evaluated the residence.

A dispositional hearing was held on February, 21, 2013. The parents requested no additional services. The court ordered the parents to maintain a stable residence, participate in substance abuse treatment, and participate in other services. S.O. remained in the custody of DHS. Additional review hearings were held in May and August 2013. During that period, the mother and father briefly separated, and the quality of visitation faltered. Visits were cancelled or ended early. The father was arrested for driving while barred, following an argument between him and the mother. Moreover, the court raised concerns about the parents' failure to cooperate with mental health services. Also, prior to the August hearing, the mother had given birth to another child, and her participation in services dropped significantly.

A permanency hearing was held on October 31, 2013. The court ordered the permanency goal be changed from reunification to termination of parental rights. The court found little improvement in the mother's ability to parent the child and noted the mother had committed theft in the fifth degree and had yet to address her mental health issues. The father also did not progress with services and was scheduled to serve a six-month jail sentence for driving while barred.

The termination of parental rights hearing was held on February 10, 26, and 28, 2014. The court found clear and convincing evidence to terminate the

parents' parental rights. In support of its decision to terminate, the court noted S.O. had been out of the care of the biological parents for at least six consecutive months, there had been no trial returns to the home since November 2012, and the mother did not have a permanent residence. The mother's current roommate denied DHS access to the residence. The court reasoned it would be inappropriate to return the child to the mother, since DHS could not determine whether the home was suitable for a child. Additionally, the mother did not participate fully in visitations or evidence a willingness to respond to services. The father remained in jail during the hearing. Due to the father's incarceration, the child could not be returned to his custody, and positive visitations with the father had been infrequent. The father can be very intolerant with the child and was often anxious for the visitations to end. Due to the father's unstable history, the court believed once he was released from jail he would not be able to provide a stable home. Due to the length of time the child has been out of his parent's custody and the need for permanency, the court found termination of parental rights necessary.

The court terminated the mother's and father's parental rights pursuant to sections 232.116(1)(h) and 232.117 of the Iowa Code.

Both mother and father appeal.

## II.  STANDARD OF REVIEW

Our review of termination decisions is de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We give weight to the juvenile court's findings, especially assessing witness credibility, although we are not bound by them. *In re D.W.*,

791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

## III. DISCUSSION

Iowa Code chapter 232 termination of parental rights follows a three-step analysis. *P.L.*, 778 N.W.2d at 39. The court must first determine whether a ground for termination under section 232.116(1) has been established. *Id.* If a ground for termination has been established, the court must apply the best-interest framework set out in section 232.116(2) to decide if the grounds for termination should result in termination of parental rights. *Id.* Finally, if the statutory best-interest framework supports termination of parental rights, the court must consider if any of the statutory exceptions set out in section 232.116(3) weigh against the termination of parental rights. *Id.*

### A. Grounds for Termination

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. Iowa Code section 232.116(1)(h) provides that termination may be ordered when there is clear and convincing evidence the child is three years of age or younger, has been adjudicated a CINA, has been removed from the physical custody of the parent for at least six of the last twelve

months, and cannot be returned to the parent's custody at the time of the termination hearing.

Here, the parties do not contest the first three factors of section 232.116(1)(h). However, they both challenge whether the fourth factor has been met. At the time of the termination proceeding, the father was serving a sentence in jail and could not take custody of the child. The father claims he needed more time and the State failed to make a reasonable effort to provide funds for his mental health medication. The record shows DHS made multiple efforts to help the father with his problems but were unable to do so due to his failure to cooperate. He also refused financial assistance offered by DHS. We find the State has met its burden of proof for the fourth factor of section 232.116(1)(h) concerning the father.

The mother also claims the State has not met its burden for the fourth factor of section 232.116(1)(h). In support of her claim, the mother blames the government for taking away the federal and state assistance she used to support herself and her family, claims her financial situation became worse when her children were removed as it caused some of her government assistance to cease, and claims DHS did not make reasonable efforts to return S.O. to her care. At the time of the termination hearing, the mother did not have stable housing. She lived with a friend who would not allow DHS to enter the home and determine if it was suitable for a child. Finally, DHS conducted a psychological evaluation of the mother and suggested, in April 2013, that she attend a program to address her mental health issues. DHS followed up with the mother on four

separate occasions but the mother did not start the program until February 2014. We find the State has met its burden on the fourth factor of section 232.116(1)(h).

As to both parents, DHS did provide the family with reasonable services, and there is clear and convincing evidence the grounds for termination, pursuant to section 232.116(1)(h), have been met.

**B.  Best Interests of the Child.**

Even if a statutory ground for termination is met, a decision to terminate must still be in the best interests of a child after a review of section 232.116(2). *P.L.*, 778 N.W.2d at 37.  In determining the best interests of the child, we give primary consideration to "the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional conditions and needs of the child."  *See* Iowa Code § 232.116(2).

For the reasons we listed above, we believe it is in the best interests of S.O. to terminate the parents' parental rights.  We are also persuaded by the fact the same foster family is caring for S.O. and an older sibling.  Reports show the children are thriving in foster care, and appear more bonded to their foster family than to their biological parents.   *See id.* § 232.116(2)(b) We agree with the juvenile court's finding that it is in the child's best interests to terminate the mother's and father's parental rights.

**IV.  Conclusion.**

There is clear and convincing evidence that grounds for termination exist under section 232.116(1)(h), termination of the mother's and father's parental

rights is in the child's best interests pursuant to section 232.116(2), and no consequential factor weighing against termination in section 232.116(3) requires a different conclusion. Accordingly, we affirm termination of the mother's and father's parental rights.

**AFFIRMED ON BOTH APPEALS.**